# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FERNANDO JOAQUIN PATTERSON | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:18-cv-00158-MTT-CHW |
| WILCOX STATE PRISON, *et al.*, | : |
| Defendants. | : |

## ORDER

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Fernando Joaquin Patterson, an inmate presently incarcerated at the Coastal State Prison in Garden City, Georgia, filed a Recast Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 6). On January 31, 2019, Plaintiff was ordered to (1) supplement his Complaint and (2) either pay the filing fee or submit a proper motion for leave to proceed *in forma* pauperis, to include a certified copy of Plaintiff's prison trust fund account information. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply could result in the dismissal of his Complaint. *See generally* Order, Jan. 31, 2019, ECF No. 7.

The time for compliance passed without a response from Plaintiff. Plaintiff was thus ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was again warned that failure to respond to the Court's order would result in the dismissal of his Complaint. *See generally* Order, Mar. 13, 2019, ECF No. 8.

The time for compliance again passed without a response from Plaintiff. The Court did, however, receive a notice that Plaintiff had been moved to Coastal State Prison (ECF No. 9). It

was thus assumed that Plaintiff did not receive the Court's March 13, 2019 Order, and another show cause order was sent to Plaintiff at Coastal State Prison. This second order also instructed Plaintiff to respond and show cause why his case should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was again warned that failure to respond would result in the dismissal of his Complaint. *See generally* Order, May 23, 2019, ECF No. 10.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, Plaintiff's Complaint shall be **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978)).[1]

**SO ORDERED**, this 2nd day of July, 2019.

                                          S/Marc T. Treadwell
                                          MARC T. TREADWELL, JUDGE
                                          UNITED STATES DISTRICT COURT

---

[1] Although it is unclear, it appears the statute of limitations may have run or is about to run on at least some of Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted). The Court ordered plaintiff to comply with its orders and instructions on numerous occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action. Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate. *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).